UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14049-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWARD LOUIS LIROFF,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSIONS TO VIOLATION NUMBERS 1 THROUGH 11**

**THIS CAUSE** having come before the Court on the pending Superseding Petition for Offender under Supervision ("Superseding Petition") (DE 47) and this Court having convened a hearing, now recommends to the District Court as follows:

1.    The Defendant appeared before this Court on December 14, 2020 for a hearing on the Superseding Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant signed a written Consent to Appear by Videoconference Form that will be filed in the record in this case. (DE 51). Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1 through 11 as set forth in the Superseding Petition.

3. Defendant admitted the following violations:

**Violation Number 1** — **Violation of Mandatory Condition**, by failing to satisfy the court-ordered restitution. On January 29, 2019, restitution in the amount of $4087.88 was ordered by the Court and the defendant has failed to satisfy his financial obligation as instructed.

**Violation Number 2** — **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On May 6, 2020, the defendant was instructed to pay $290.00 owed towards his restitution by May 31, 2020, and he failed to comply.

**Violation Number 3** — **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On July 22, 2020, the defendant was instructed to pay $540.00 owed towards his restitution by July 31, 2020, and he failed to comply.

**Violation Number 4** — **Violation of Special Condition**, by applying for, soliciting or incurring further debt without first obtaining permission from the U.S. Probation Officer. From January 9, 2020 to February 9, 2020, the defendant incurred further debt on his Capital One credit card in the amount of $287.60, as evidenced by his Capital One account statement provided for the period of January 13, 2020 to February 12, 2020, without first obtaining the permission from the probation officer.

**Violation Number 5** — **Violation of Special Condition**, by applying for, soliciting or incurring further debt without first obtaining permission from the U.S. Probation Officer. From March 1, 2020 to March 8, 2020, the defendant incurred further debt on his Capital One credit card in the amount of $37.95, as evidenced by his Capital One account statement provided for the period of February 13, 2020 to March 12, 2020, without first obtaining the permission from the probation officer.

**Violation Number 6** — **Violation of Special Condition**, by applying for, soliciting or incurring further debt without first obtaining permission from the U.S. Probation Officer. From March 13, 2020 to April 3, 2020, the defendant incurred further debt on his

|  |  |
|---|---|
|  | Capital One credit card in the amount of $76.50, as evidenced by his Capital One account statement provided for the period of March 13, 2020 to April 12, 2020, without first obtaining the permission from the probation officer |
| **Violation Number 7** | **Violation of Special Condition**, by applying for, soliciting or incurring further debt without first obtaining permission from the U.S. Probation Officer.  From April 18, 2020 to May 7, 2020, the defendant incurred further debt on his Capital One credit card in the amount of $127.06, as evidenced by his Capital One account statement provided for the period of April 13, 2020 to May 12, 2020, without first obtaining the permission from the probation officer |
| **Violation Number 8** | **Violation of Special Condition**, by applying for, soliciting or incurring further debt without first obtaining permission from the U.S. Probation Officer.  From May 26, 2020 to June 10, 2020, the defendant incurred further debt on his Capital One credit card in the amount of $136.12, as evidenced by his Capital One account statement provided for the period of May 13, 2020 to June 12, 2020, without first obtaining the permission from the probation officer. |
| **Violation Number 9** | **Violation of Special Condition**, by applying for, soliciting or incurring further debt without first obtaining permission from the U.S. Probation Officer.  From June 14, 2020 to July 10, 2020, the defendant incurred further debt on his Capital One credit card in the amount of $118.65, as evidenced by his Capital One account statement provided for the period of June 13, 2020 to July 12, 2020, without first obtaining the permission from the probation officer. |
| **Violation Number 10** | **Violation of Special Condition**, by applying for, soliciting or incurring further debt without first obtaining permission from the U.S. Probation Officer.  From July 15, 2020 to August 10, 2020, the defendant incurred further debt on his Capital One credit card in the amount of $44.50, as evidenced by his Capital One account statement provided for the period of July 13, 2020 to August 12, 2020, without first obtaining the permission from the probation officer. |
| **Violation Number 11** | **Violation of Special Condition**, by applying for, soliciting or incurring further debt without first obtaining permission from the U.S. Probation Officer.  From August 15, 2020 to September 1, 2020, the defendant incurred further debt on |

his Capital One credit card in the amount of $62.00, as evidenced by his Capital One account statement provided for the period of August 13, 2020 to September 12, 2020, without first obtaining the permission from the probation officer.

4. The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 1 through 11. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

5. The Government proffered a factual basis for the admissions into the record. According to the proffer, on January 29, 2019 the District Court ordered the Defendant to begin making payments of $30.00 per month towards restitution. On February 4, 2020 Defendant was advised by the probation officer of the District Court's instruction. Defendant failed to pay the required restitution payments for the months of January through July 2019, September through December 2019, and February through April 2020. On May 6, 2020, Defendant was instructed to pay $290.00 owed towards his restitution by May 31, 2020. He failed to comply. Defendant failed to make the required restitution payments for the months of June through August 2020. On July 22, 2020, Defendant was instructed to pay $540.00 owed towards his restitution by July 31, 2020. He failed to comply. On October 29, 2020 the probation officer checked the Defendant's credit report as part of her supervising duties. She discovered that Defendant had opened a new Capital One credit card on January 13, 2020 and was incurring debt on the card without permission from the probation officer. From January 2020 until September 2020 Defendant incurred debt on the credit card as listed in the violations. After the Government's proffer, the probation officer added the Defendant has now paid his restitution arrears. He is caught up with his restitution payments

as of the end of November 2020.  Defendant agreed on the record to the facts as stated by the prosecutor and probation officer.  This Court finds that the facts proffered by the Government establish a sufficient basis to support Defendant's admissions to Violation Numbers 1 through 11.

6. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his probation in respect to Violation Numbers 1 through 11, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 16th day of December, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE